Case 6:24-cv-00499-ADA-DTG   Document 1   Filed 09/27/24   Page 1 of 6

FILED
September 27, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cav_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Chalice Kosier § | |
|    Claimant, § | |
|       v. § | Civil Action No. 6:24-CV-499 |
| § | |
| RAUSH STURM LLP § | DEMAND FOR JURY TRIAL |
|    Wrongdoers § | |

## CLAIM

Claimant Chalice Kosier, hereby makes the claim against the Wrongdoer RAUSH STURM LLP, as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Claimant has a place of abode in this district, and all events giving rise to Claimant's claims occurred within this district.

### II. PARTIES

3. Chalice Kosier (hereinafter, Kosier or Claimant) has a place of abode within the territorial boundaries of Texas and within this judicial district.

4. RAUSH STURM LLP is a debt collector whose principal office is located at 250 N. Sunnyslope Road Suite 300 Brookfield, WI 53005 (hereinafter Wrongdoer).

5. At all relevant times, Wrongdoer was engaged in the collection of an alleged debt.

6. Wrongdoer may be served at their registered agent for service of process: KENNETH WAKE 250 N.

Sunnyslope Road Suite 300 Brookfield, WI 53005.

7. Claimant finds no evidence that Wrongdoer holds a debt collection bond as required by Texas Finance Code section 392.101 and believe none exist.

### III. FACTS RELATED TO ALL CLAIMS

8. On or about April 8, 2024 Wrongdoer mailed a debt collection letter to Claimant without prior consent claiming to represent TD BANK N.A. in the collection of an alleged debt;

9. Claimant received the letter on April 18, 2024;

10. Claimant has also received a debt collection letter from Patenaude & Felix claiming they were representing TD BANK N.A. in the collection of an alleged debt;

11. Claimant knew RAUSH STURM, LLP nor Patenaude & Felix were representing TD BANK N.A., as Claimant had a separate case ongoing with TD BANK N.A. under case number 11CV2400253 in the Justice of the Peace Precinct 1,Bell County, Texas;

10. As such, Claimant sent a debt validation letter to Wrongdoers on the same day, April 18, 2024 via certified mail stating that said letter was not a refusal to pay but a demand for validation and was received by the Registered Agent for RAUSH STURM. LLP on April 22, 2024.

11. Rather than answer Claimants validation letter, Wrongdoers filed suit in the Justice of the Peace Precinct 1,Bell County, Texas on May 30, 2024 and citation was delivered to Claimant on June 22, 2024;

12. Claimant answered claim with a motion to dismiss and motion for sanctions on July 11, 2024 and hearing date was scheduled for September 3, 2024.

13. Wrongdoer's nor their attorney Nathaniel David Kitz showed up for the hearing and the complaint was dismissed for want of prosecution.

## IV. FIRST CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

14. Wrongdoer's actions constitute violations of the Fair Debt Collections Practices Act, Title 15 United States Code §1692 as outlined in Exhibit A. Claimant seeks statutory relief of $1,000.00 per violation with a total of 109 violations, See *Macy v. GC Servs. LP*, Civil Action No. 3:15-cv-819-DJH-CHL (W.D. Ky. Dec. 6, 2019).

## V. SECOND CAUSE OF ACTION

## STATE LAW TEXAS DEBT COLLECTION LAW VIOLATION

15. Wrongdoer's actions violate the Texas Finance Code Section 392 (Texas Debt Collection Laws). Claimant seeks statutory relief of $500.00 per violation as outlined in the Texas Finance Code, Section 392 with 84 violations;

16. Pursuant to Section 392.404, Wrongdoer's violations of Section 392 would also be a Deceptive Trade Practice forbidden by the Texas Business and Commerce Code, Chapter 17. Claimant seeks damages in the amount of three times the amount in controversy ($2,187.81) for economic damages as well as damages for mental anguish to be determined by the trier of fact.

## VI. THIRD CAUSE OF ACTION

## DEFAMATION/SLANDER/LIBEL

17. Wrongdoer's actions of using a private process server to deliver court (public knowledge) process would constitute Defamation, Slander and Libel. Claimant would seek monetary damages in the sum certain $500,000.00 (five hundred thousand United States Dollars and zero cents).

## VII. FOURTH CAUSE OF ACTION

## MALICIOUS PROSECUTION

**18.** Wrongdoer initiated a baseless suit, as there was no controversy for the court to hear. Upon Wrongdoer's initial contact, Claimant sent a validation request, not a refusal to pay.

19. Wrongdoers want of prosecution caused the case to be dismissed.

20. Wrongdoer's actions were merely an attempt to intimidate and harass Claimant.

21. Claimant has suffered a loss of her valued time commodity in defending against this frivolous suit and seeks damages in the amount of three times the amount in controversy for a total of Sum Certain $6,563.43 (six thousand five hundred sixty-three United States dollars and forty-three cents);

## VIII. FIFTH CAUSE OF ACTION

## ABUSE OF PROCESS

**22.** Wrongdoer's refusal to VERIFY the alleged debt pursuant to Title 15 United States Code §1692g would cause a billing error under Title 15 United States Code 1666 and would bar wrongdoer from bringing suit. Wrongdoer's ulterior motive in filing of their unwarranted suit was solely to harass and intimidate Claimant who has suffered a loss of her valued time commodity, and has been slandered, libeled and defamed by Wrongdoer's perverted use of the process.

23. Claimant seeks damages in the amount of three times the amount in controversy for a total of Sum Certain $6,563.43 (six thousand five hundred sixty-three United States dollars and forty-three cents);

## IX. JUDICIAL NOTICE

**Let us take Judicial Notice of the following:**

24. Title 15 United States Code Section 1692 – 1692p;

25. Chapter 392 of the Texas Finance Code;

26. Chapter 17 of the Texas Business and Commerce Code, Section 17.50;

27. Texas Civil Practice and Remedies Code, Section 12.002;

28. *Macy v. GC Servs. LP*, Civil Action No. 3:15-cv-819-DJH-CHL (W.D. Ky. Dec. 6, 2019);

29. Td Bank Usa, N.a. vs. Chalice Kosier 11CV2400523 in the Justice of the Peace Precinct 1, Bell County, Texas;

30. CHALICE KOSIER vs. TD BANK N.A., 11CV2400253 in the Justice of the Peace Precinct 1, Bell County, Texas;

## X. EXEMPLARY DAMAGES

31. Claimant specifically demands Exemplary Damages pursuant to the Texas Civil Practice and Remedies Code Section 12.002.

## XI. PRAYER FOR RELIEF

Wherefore, Claimant prays before this Honorable Court for it's just and lawful relief in the form of:

1. Economic relief – three times the value in controversy for a total of Sum Certain $6,563.43 (six thousand five hundred sixty-three United States dollars and forty-three cents) pursuant to Texas Business and Commerce code section 17.50;

2. Statutory damages for violations of the Fair Debt Collection Practices Act (109 violations) and the Texas Finance Code (84 violations), for the total of: Sum Certain $151,000.00 (one hundred fifty-one thousand United States dollars and zero cents), see Exhibit A;

3. Damages for mental anguish as outlined in the Texas Business and Commerce Code Section

17.50 for the knowing and intentional use of a deceptive trade practice to be determined by the trier of fact;

4. Damages for Defamation of Character for the sum certain $1,000,000.00 (one million United States Dollars and zero cents);

5. Monetary relief for the Malicious Prosecution for the Sum Certain $6,563.43 (six thousand five hundred sixty-three United States dollars and forty-three cents);

6. Monetary relief for the abuse of process for the Sum Certain $6,563.43 (six thousand five hundred sixty-three United States dollars and forty-three cents);

7. Exemplary Damages for the use of a fraudulent court document (3X the total amount of all damages);

8. Costs of Court (to be determined);

9. Reasonable attorney fees of sum certain $15,000.00 (fifteen thousand United States Dollars and zero cents), and;

10. Any other relief in Law or Equity to which this Court deems proper.

Respectfully Submitted:

_____

Chalice Kosier

jasonkosier72@gmail.com

254-421-2506

111 N Wall Street Unit 61

Belton, Texas [76513]